**United States District Court**
**Southern District of New York**
────────────────────────────────────

**JONATHAN WILLIAMS,**
                       **Plaintiff,**

    - against -

**BARACK HUSSEIN OBAMA, ET AL.,**

                      **Defendants.**
────────────────────────────────────

**11 Civ. 4126 (JGK)**

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

    The plaintiff, proceeding pro se, paid the filing fee for this action. The named defendants are Barack Obama, Joseph Biden, Hillary Clinton, Robert Gates, Timothy Geithner, Ben Bernanke, Cyrus Vance, Michael Bloomberg, "All Senior Officials of the International Monetary Fund," Beyonce, Matthew and Solange Knowles, Sean Carter (also known as Jay-Z), and Curtis Jackson (also known as 50 Cent). The plaintiff alleges "blatant criminal molestation" on the part of the various defendants as part of a wide-ranging conspiracy against him. For the following reasons, the action is dismissed.

I.

    The Court has the authority to dismiss sua sponte a complaint, or portion thereof, for which a plaintiff has paid the filing fee, where the plaintiff presents no arguably meritorious issue. See Fitzgerald v. First East Seventh Tenants

1

Corp., 221 F.3d 362, 363 (2d Cir. 2000) (per curiam) ("[T]he District Court . . . possessed the power to dismiss the instant action sua sponte, notwithstanding the fact that Fitzgerald had paid the . . . filing fee."); Pillay v. Immigration & Naturalization Serv., 45 F.3d 14, 17 (2d Cir. 1995) (per curiam).  While the law authorizes dismissal of frivolous complaints even if the filing fee has been paid, district courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); see generally Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (per curiam). Pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## II.

The plaintiff alleges that the defendants have engaged in a wide-ranging conspiracy to "fleece" him out of his inheritance and to engage in other misconduct, allowing "an illegal Nano technology virus to infect" and track millions of Americans, and setting up a "phony company using [the plaintiff's] stocks and oil and gas royalties, set up by a white woman pretending to be a black woman Hope Taylor who was pretending to be a Spanish woman Karla Echeverria who was never" the plaintiff's wife.  The

complaint, which stretches to almost 200 pages, includes many other allegations of a similar nature to the ones described.

After filing his complaint, the plaintiff subsequently moved to allow additional evidence to be filed electronically, and moved for leave to amend his complaint, acknowledging that the initial complaint "might not pass legal muster even for a pro se complaint." This Court subsequently issued an Order providing that "the plaintiff may file an amended complaint by July 15, 2011." Order of June 24, 2011, Williams v. Obama, 11 Civ. 4126, Docket No. 4, at 1. The plaintiff never filed an amended complaint.

### III.

Construed liberally, the complaint alleges that the federal government is conspiring with private individuals, primarily from the "hip hop community," and New York City officials to violate his constitutional rights, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Even liberally construing the plaintiff's pro se complaint, however, the complaint fails to state a claim upon which relief may be granted. The Court has "'not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Denton v.

Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Id. at 33.  Such a finding is appropriate in this case.

While a plaintiff generally "must . . . be permitted to amend his complaint . . . to cure any defects before" a court dismisses his or her case sua sponte, see Hughes v. Albany, 76 F.3d 53, 56 (2d Cir. 1996), there is no need to permit amendment of the complaint here because the plaintiff presents no claims over which this Court has jurisdiction.  In any event, this Court has already given the plaintiff the opportunity to amend his complaint, and the plaintiff did not do so.  The complaint should be, and is, dismissed with prejudice.

## CONCLUSION

The Clerk of Court is directed to serve a copy of this Order upon (1) the plaintiff; (2) the United States Attorney for the Southern District of New York, 86 Chambers Street, New York, N.Y. 10007; and (3) the Attorney General for the State of New York, 120 Broadway, New York, N.Y. 10271-0332.  The Clerk is further directed to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good

faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.
Dated: New York, New York
       November 11, 2011

_____
John G. Koeltl
United States District Judge